MEMORANDUM*
Brent and Bernard Nelson (“the Nelsons”) petition for review of a remedial order by an administrative law judge (“ALJ”) requiring them to pay damages, pay penalties and make retrofits to an apartment complex found to be in violation of the Fair Housing Act (“FHA”). The Secretary of Housing and Urban Development (“the Secretary”) cross-petitions for enforcement of the order. We have jurisdiction under 28 U.S.C. § 2342(6). We deny the Nelsons’ petition for review and grant the Secretary’s cross-petition for enforcement.
The facts are known to the parties and we do not repeat them here.
We have “the authority to set aside an enforcement action when the agency has acted with arbitrariness or caprice.” Pfaff v. U.S. Dep’t of Hous. & Urban Dev., 88 *637 F.3d 739, 747 (9th Cir.1996). Legal conclusions are reviewed de novo. Id. at 744. Factual findings are reviewed for substantial evidence. See Bear Lake Watch, Inc. v. F.E.R.C., 324 F.3d 1071, 1076 (9th Cir.2003).
I
The Nelsons argue that the ALJ’s Initial Decision became a final order because the Secretary’s review was untimely. A prior Ninth Circuit panel addressed and rejected this argument in the Nelsons’ previous petition for review. See Nelson v. U.S. Dep’t of Hous. & Urban Dev., No. 06-74735 (9th Cir. Dec. 26, 2006). We reject the Nelsons’ argument that this past order falls into an exception to the “law of the case” doctrine. See Jenkins v. County of Riverside, 398 F.3d 1093, 1094 n. 2 (9th Cir.2005). We, therefore, review the Initial Decision only to the extent its contents were adopted by the ALJ’s Remedial Order and were not set aside by the Order on Secretarial Review.
II
The Nelsons argue that Montana Fail* Housing, Inc. (“MFH”), an intervenor in the proceeding, lacks standing. A housing organization satisfies the injury in fact requirement of Article III if it can demonstrate: “(1) frustration of its organizational mission; and (2) diversion of its resources to combat the particular housing discrimination in question.” Smith v. Pac. Props. & Dev. Corp., 358 F.3d 1097, 1105 (9th Cir.2004). The Secretary’s findings that MFH satisfied both of these elements are supported by substantial evidence.[1] MFH’s organizational standing also enables it to pursue injunctive relief. See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 184-85, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).
Ill
The Nelsons argue that the Secretary erroneously concluded that the apartment complex violates the FHA’s accessibility requirements under 42 U.S.C. § 3604(f)(3). As an initial matter, their argument that a violation of the FHA requires that a person face discrimination fails in light of Garcia v. Brockway, 526 F.3d 456 (9th Cir.2008) (en banc). Garcia makes clear that a “failure to design and construct” under § 3604(f)(3) is “a discrete instance of discrimination” independent of §§ 3604(f)(1) and 3604(f)(2). Id. at 461-62.
The Nelsons next argue that the Secretary acted arbitrarily and capriciously by (1) announcing a new burden shifting scheme that (2) improperly shifted the burden of persuasion to the Nelsons. The Nelsons’ reliance on Pfaff is unavailing. The Pfaff court found that the agency abused its discretion when a
new standard, adopted by adjudication, departs radically from the agency’s previous interpretation of the law, where the public has relied substantially and in good faith on the previous interpretation, where fines or damages are involved, and where the new standard is very broad and general in scope and prospective in application.
88 F.3d at 748. Here, the burden shifting scheme announced by the Secretary does not depart radically from any previous interpretation, nor has the public substantially relied on any previous interpretation. Contrary to the Nelsons’ assertions, the *638 burden of persuasion remained with the Secretary and only the burden of production shifted to the Nelsons. The Secretary’s application of the burden shifting scheme was not arbitrary or capricious.
The Nelsons failed to produce any objective evidence of accessibility. The Secretary properly concluded that the Nelsons’ complex violates the FHA’s accessibility requirements.
IV
The Nelsons argue that the Secretary’s refusal to dismiss Bernard Nelson is arbitrary and capricious. We disagree. Bernard Nelson’s operational involvement was minimal, but he co-owned the complex during the time it was designed and constructed in violation of the FHA. “[I]t is well established that the [FHA] provides for vicarious liability.” Meyer v. Holley, 537 U.S. 280, 285, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003). The Secretary’s imposition of liability upon Bernard Nelson is not arbitrary or capricious.
V
The Nelsons argue that the Secretary’s retrofit order is arbitrary and capricious because BWN, LLC (“BWN”) owns the property, not the Nelsons. The Nelsons do not challenge the ALJ’s finding that Brent Nelson is the alter ego of BWN. They argue that despite having its corporate veil pierced, only BWN can be held liable for injunctive relief. The Nelsons cite no case law in support of such a limitation on the “alter ego” theory. We decline to place such a limitation on available remedies after disregarding the corporate fiction.
The Nelsons also argue that the Secretary’s order requiring them to retrofit the stair landings at the two east entrances is arbitrary and capricious. We disagree. The Secretary’s finding that the stair landings are “common use” areas shared by multiple apartments is supported by substantial evidence. The FHA requires that “common use” areas be accessible to and usable by handicapped persons. See 42 U.S.C. § 3604(f)(3)(C)(i). The Nelsons stipulated that both entrances are inaccessible. The Secretary’s retrofit order is not arbitrary or capricious.
Petition for Review DENIED. Cross-Petition for Enforcement GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We need not reach the question whether MFH would have standing merely by diverting resources to pursue an administrative complaint because MFH diverted resources in other ways.